IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| LEMKO CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| FEDERAL INSURANCE COMPANY and ) | |
| CINCINNATI INSURANCE COMPANY ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, Lemko Corporation ("Lemko") by its attorneys Childress Duffy, Ltd. and for its Complaint against Defendants, Federal Insurance Company ("Federal") and Cincinnati Insurance Company ("Cincinnati") states as follows:

### THE PARTIES

1. Plaintiff, Lemko, is an Illinois corporation duly organized and existing under and by virtue of the laws of the State of Illinois with its principal place of business in Schaumburg, Illinois.

2. Defendant, Federal, is and was a corporation duly organized and existing under and by virtue of the laws of the State of New Jersey and is and was engaged in the business of underwriting and issuing liability insurance policies, including general, umbrella and directors' and officers' liability coverages and policies.

3. Defendant, Cincinnati, is and was a corporation duly organized and existing under and by virtue of the laws of the State of Delaware and is and was engaged

1

in the business of underwriting and issuing general and umbrella liability insurance policies.

## COUNT I
### BREACH OF CONTRACT AGAINST FEDERAL – DIRECTORS AND OFFICERS COVERAGE

4. Plaintiff realleges paragraphs 1 through 2 of the Complaint as and for paragraph 4 of Count I.

5. Lemko purchased robust insurance policies from Federal which included a number of coverages including Directors & Officers Liability Coverage ("D&O").

6. Federal issued insurance policies to Lemko, one of which is identified as policy No.: 6802-5852 for the September 19, 2008 through September 19, 2009 policy period, which provides coverage under the D&O section for Lemko and its past, present and future directors, officers and employees ("the Federal D&O Policy"). Attached hereto as Exhibit "A" is a copy of the policy as provided by Federal.

7. The Federal D&O Policy provides coverage for defense fees and expenses incurred by its insureds for a Loss resulting from a claim first made against an insured for Wrongful Acts as defined by the Policy.

8. Pursuant to the Policy, "Wrongful Act" means: "any error, misstatement, misleading statement, act, omission, neglect, or breach of duty committed, attempted, or allegedly committed or attempted by…any Insured Person…Insured Organization…or…Executive." The Policy, Exhibit "A," pp. 5-6 of form 14-02-3796 (Ed. 04/01).

9. Motorola filed litigation entitled *Motorola, Inc. v. Lemko Corp., et al* in the United States District Court for the Northern District of Illinois, case no.: 08 CV

2

5427, against Lemko and its employees or former employees alleging, in part, that officers, directors and employees, and the company itself, committed wrongful acts which led to the damage claimed by Motorola ("the Motorola Action"). Attached as Exhibits "B," "C," "D," and "E" are true and accurate copies of Motorola's original, amended, second amended and third amended complaints.

10. The Motorola Action was filed on September 23, 2008.

11. Lemko tendered the Motorola Action and all amended complaints to Federal seeking defense and indemnity under its policies including the Federal D&O Policy.

12. Lemko has duly performed all conditions precedent required by the insurance policy to be performed by it.

13. The Motorola Action specifically alleged Wrongful Acts as that term is defined and used within the Federal D&O Policy.

14. The allegations of the Motorola Action complaints are within the provisions of the Federal D&O Policy.

15. Accordingly, Federal had a duty to defend and indemnify Lemko and the insureds for the Motorola Action.

16. In response to the tenders by Lemko seeking defense and indemnity on behalf of itself and the insureds, Federal denied coverage and refused to defend or indemnify Lemko and the insureds.

17. Federal has refused to pay any money for Plaintiff's defense fees and expenses even though the allegations of the complaints filed in the Motorola Action are within the provisions of the Policy.

18. Federal continued to deny Lemko's tender of the Motorola Action despite Lemko's repeated requests to Federal to reconsider its denial and defend and indemnify.

19. Lemko advised Federal that settlement discussions were proceeding and again requested that Federal defend and indemnify it and the insureds for the Motorola Action.

20. Despite Lemko's advice to Federal that settlement discussions were proceeding and repeated requests that Federal defend and indemnify it, Federal continued to deny the claim.

21. Accordingly, after numerous denials by Federal, Lemko and the insureds, settled the Motorola Action. The settlement is confidential and will be filed under seal if appropriate.

22. Federal failed to provide Lemko and its officers, directors and employees with the required defense and is now estopped from asserting coverage positions or defenses.

23. Lemko has paid in excess of $50,000 for defense fees and expenses which should have been paid by Federal.

24. Lemko suffered additional damages which were reasonably foreseeable as a result of Federal's breach of contract including impeding and imperiling Lemko's financial position in order for Lemko to pay the defense fees and costs for the Motorola Action.

25. This is an action based on a "written instrument" within the meaning of the Illinois Interest Act and, therefore, Plaintiffs are entitled to prejudgment interest.

WHEREFORE, Plaintiff, Lemko Corporation respectfully prays for judgment in

its favor and against Defendant Federal Insurance Company, for all defense fees and expenses and for prejudgment and post judgment interest, consequential damages and attorneys' fees and costs so wrongfully sustained, and for such other recovery that this Court may deem appropriate.

## COUNT II
### BREACH OF CONTRACT AGAINST FEDERAL – GENERAL LIABILITY AND UMBRELLA LIABILITY COVERAGE

26. Plaintiff realleges paragraphs 1 through and including 2 as and for paragraph 26 of Count II.

27. Lemko purchased a general liability policy from Federal identified as policy no.: 3583-41-23 CHI for the following three consecutive one year policy periods: September 19, 2005 to September 19, 2006 and September 19, 2006 to September 19, 2007 and September 19, 2007 to September 19, 2008 (the "Federal General Liability Policies"). Attached hereto as Exhibit "F" is a copy of the policies as provided by Federal.

28. The Federal General Liability Policies insure Lemko Corporation and its directors, officers and employees.

29. Lemko also purchased an umbrella policy from Federal identified as policy no.: 7982-24-51-CHI for the same three consecutive one year policy periods: September 19, 2005 to September 19, 2006 and September 19, 2006 to September 19, 2007 and September 19, 2007 to September 19, 2008 (the "Federal Umbrella Policies"). Attached hereto as Exhibit "G" is a copy of the policies as provided by Federal.

30. The Federal Umbrella Policies insure Lemko Corporation and its directors, officers and employees.

31. The Federal General Liability Policies and the Federal Umbrella Policies provide coverage for, among other things, property damage and advertising injury.

32. Motorola filed litigation entitled *Motorola, Inc. v. Lemko Corp., et al* in the United States District Court for the Northern District of Illinois, case no.: 08 CV 5427, against Lemko and its employees or former employees alleging property damage and/or advertising injury within the meaning of the Federal General Liability and/or Federal Umbrella Policies.

33. The Motorola Action and all amended complaints were tendered to Federal seeking defense and indemnity.

34. Lemko has duly performed all conditions precedent required by the insurance policy to be performed by it.

35. The Motorola Action alleges property damage and/or advertising injury within the meaning of the Federal General Liability Policies and/or the Federal Umbrella Policies.

36. The allegations of the Motorola Action complaints are within the provisions of these Policies.

37. Accordingly, Federal had a duty to defend and indemnify Lemko and the insureds for the Motorola Action.

38. In response to the tenders by Lemko seeking defense and indemnity on behalf of itself and the insureds, Federal denied Lemko's tender and refused to defend or indemnify Lemko and the insureds.

39. Federal has refused to pay any money for Plaintiff's defense fees and expenses even though the allegations of the complaints filed in the Motorola Action are

within the provisions of the Policies issued by Federal.

40. Federal continued to deny Lemko's tender of the Motorola Action despite Lemko's repeated requests to Federal to reconsider its denial and defend and indemnify.

41. Lemko advised Federal that settlement discussions were proceeding and again requested that Federal defend and indemnify it and the insureds for the Motorola Action.

42. Despite Lemko's advice to Federal that settlement discussions were proceeding and repeated requests that Federal defend and indemnify it, Federal continued to deny the claim.

43. Accordingly, after numerous denials by Federal, Lemko and the insureds, settled the Motorola Action. The settlement is confidential and will be filed under seal if appropriate.

44. Federal failed to provide Lemko and its other insureds with the required defense and is now estopped from asserting coverage positions or defenses.

45. Lemko has paid in excess of $50,000 for defense fees and expenses which should have been paid by Federal.

46. Lemko suffered additional damages which were reasonably foreseeable as a result of Federal's breach of contract including impending and imperiling Lemko's financial position in order for Lemko to pay the defense fees and costs for the Motorola Action.

47. This is an action based on a "written instrument" within the meaning of the Illinois Interest Act and, therefore, Plaintiffs are entitled to prejudgment interest.

WHEREFORE, Plaintiff, Lemko Corporation respectfully prays for judgment in

their favor and against Defendant Federal Insurance Company, for all defense fees and expenses and for prejudgment and post judgment interest, consequential damages and attorneys' fees and costs so wrongfully sustained, and for such other recovery that this Court may deem appropriate.

### COUNT III
### BREACH OF CONTRACT AGAINST CINCINNATI-GENERAL LIABILITY AND UMBRELLA POLICIES

48. Plaintiff realleges paragraphs 1 and 3 as and for paragraph 48 of Count III.

49. Lemko purchased a general liability policy from Cincinnati identified as policy no.: GL CAP 580 8646 for the December 1, 2003 to December 1, 2006 policy periods ("the Cincinnati General Liability Policy"). Attached hereto as Exhibit "H" is a copy of the policy as provided by Cincinnati.

50. Lemko purchased an umbrella policy from Cincinnati identified as no.: CAP 580 8646 for the December 1, 2003 to December 1, 2006 policy periods ("the Cincinnati Umbrella Policy"). Attached hereto as Exhibit "I" is a copy of the policy as provided by Cincinnati.

51. The Cincinnati General Liability and Umbrella Policies were changed, after issuance, to have an ending date of September 19, 2005.

52. The Cincinnati General Liability and Umbrella Policies, after the change, had policy periods that ran from December 1, 2003 to December 1, 2004 and December 1, 2004 to September 19, 2005.

53. Motorola filed litigation entitled *Motorola, Inc. v. Lemko Corp., et al* in the United States District Court for the Northern District of Illinois, case no.: 08 CV 5427, against Lemko and its employees or former employees alleging property damage

and/or advertising injury within the meaning of the Cincinnati General Liability and/or Cincinnati Umbrella Policies.

54. Lemko tendered the Motorola Action and all amended complaints to Cincinnati seeking defense and indemnity under the Cincinnati Policies.

55. Lemko has duly performed all conditions precedent required by the insurance policies to be performed by it.

56. The Motorola Action specifically asserted property damage and/or advertising injury as against Lemko and the insureds under its policies.

57. The allegations of the Motorola Action complaints are within the provisions of the Cincinnati Policies.

58. Accordingly, Cincinnati had a duty to defend and indemnify Lemko and the insureds for the Motorola Action.

59. In response to the tenders by Lemko seeking defense and indemnity on behalf of itself and the insureds, Cincinnati denied Lemko's tender and refused to defend or indemnify Lemko and the insureds.

60. Cincinnati refused to pay any money for Plaintiff's defense fees and expenses even though the allegations of the complaints filed in the Motorola Action are within the provisions of the Policies.

61. Cincinnati continued to deny Lemko's tender of the Motorola Action despite Lemko's repeated requests to Cincinnati to reconsider its denial and defend and indemnify.

62. Lemko advised Cincinnati that settlement discussions were proceeding and again requested that Cincinnati defend and indemnify it for the Motorola Action.

63. Despite Lemko's advice to Cincinnati that settlement discussions were proceeding and repeated requests that Cincinnati defend and indemnify it, Cincinnati continued to deny the claim.

64. Accordingly, after numerous denials by Cincinnati, Lemko and the insureds, settled the Motorola Action. The settlement is confidential and will be filed under seal if appropriate.

65. Lemko has paid in excess of $50,000 for defense fees and expenses which should have been paid by Cincinnati.

66. Lemko suffered additional damages which were reasonably foreseeable as a result of Federal's breach of contract including impeding and imperiling Lemko's financial position in order for Lemko to pay the defense fees and costs for the Motorola Action.

67. This is an action based on a "written instrument" within the meaning of the Illinois Interest Act and, therefore, Plaintiff are entitled to prejudgment interest.

WHEREFORE, Plaintiff, Lemko Corporation respectfully prays for judgment in its favor and against Defendant Cincinnati Insurance Company, for all defense fees and expenses and for prejudgment and post judgment interest, consequential damages and attorneys' fees and costs so wrongfully sustained, and for such other recovery that this Court may deem appropriate.

## COUNT IV
### SECTION 155 RELIEF AGAINST FEDERAL

68. Plaintiff realleges paragraphs 4 to 24 of Count I and paragraphs 26 to 26 of Count II, as fully set forth herein as Count IV.

69. Plaintiff is entitled to an award of taxable costs under Section 155 of the

Illinois Insurance Code (215 ILCS 5/155) by virtue of Federal engaging in the following vexatious and unreasonable conduct including, but not limited to:

(a) failing to pay for Plaintiff's defense fees and costs based on an unreasonable and erroneous interpretation of its own policy provisions;

(b) failing to conduct a full, fair, and impartial investigation of Plaintiffs' claim;

(c) forcing Lemko to retain legal counsel to investigate the matter and to file this lawsuit to recover all of the benefits that should have been immediately forthcoming under the Federal Policy.

WHEREFORE, Plaintiff, Lemko Corporation respectfully prays for an award of taxable costs under section 155 of the Illinois Insurance Code, including reasonable attorneys' fees, prejudgment interest and costs in its favor and against Defendants, Federal Insurance Company.

## COUNT V
## SECTION 155 RELIEF AGAINST CINCINNATI

70. Plaintiff realleges paragraphs 48 to 66 of Count III as fully set forth herein as Count V.

71. Plaintiff is entitled to an award of taxable costs under Section 155 of the Illinois Insurance Code (215 ILCS 5/155) by virtue of Federal engaging in the following vexatious and unreasonable conduct including, but not limited to:

(a) failing to pay for Plaintiff's defense fees and costs based on an unreasonable and erroneous interpretation of its own policy provisions;

(b) failing to conduct a full, fair, and impartial investigation of Plaintiffs' claim;

(c) forcing Lemko to retain legal counsel to investigate the matter and to file this lawsuit to recover all of the benefits that should have been immediately forthcoming under the Cincinnati Policy.

WHEREFORE, Plaintiff, Lemko Corporation respectfully prays for an award of taxable costs under section 155 of the Illinois Insurance Code, including reasonable attorneys' fees, prejudgment interest and costs in its favor and against Defendants, Cincinnati Insurance Company.

### DEMAND FOR A JURY TRIAL

The Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted by,

*/s/ K.S. Dedrick*

One of the attorneys for Lemko Corp.

Katherine Smith Dedrick
Anthony Bruozas
Coleman J. Braun
Childress Duffy Ltd.
500 N. Dearborn St. – Suite 1200
Chicago, Illinois 60654
(312) 494-0200