**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LEMKO CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | No. 12-cv-3283 |
| v. | ) | |
| | ) | Hon. John J. Tharp |
| FEDERAL INSURANCE COMPANY and | ) | |
| CINCINNATI INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**FEDERAL INSURANCE COMPANY'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL**

Federal Insurance Company ("Federal"), by its undersigned attorneys, requests this Court to compel Plaintiff, Lemko Corporation ("Lemko"), to provide complete responses and production of documents in response to Federal's first set of written discovery requests pursuant to Fed. R. Civ. P. 37, and in support thereof states the following.

**INTRODUCTION**

Lemko seeks over $5 million in purported damages from the defendant insurers in this matter, claiming that the insurers breached a duty to defend under certain insurance policies ("Breach of Contract Claims") and violated Section 155 of the Illinois Insurance Code ("Bad Faith Claims") with respect to the underlying lawsuit that was filed against Lemko by Motorola, Inc. (the "Motorola Action"). Despite the serious nature of Lemko's allegations and the significant amount of damages that Lemko seeks, Lemko refuses to provide sufficient responses to Federal's discovery requests to allow Federal to ascertain the factual or legal basis for Lemko's claims or the extent of the purported damages that Lemko alleges to have incurred. Lemko's attempt to shield very basic information concerning its claims is inappropriate and contravenes the letter and spirit of the Federal Rules concerning discovery.

Federal and Cincinnati Insurance Company filed a Motion to Stay the Bad Faith Claims pending resolution of the Breach of Contract Claims on the basis that there could be no liability on the Bad Faith Claims if there was no liability on the Breach of Contract Claims. The insurers further argued that discovery on Lemko's Breach of Contract Claims was unnecessary, as resolution of the claim was a question of law that could be determined solely by looking at the complaint in the Motorola Action and the insurance policies issued to Lemko. Lemko vehemently objected to the insurers' contentions, arguing that litigation of all claims should proceed simultaneously, and that Lemko, in support of its Breach of Contract Claims, was entitled to conduct discovery regarding whether there were any "true but unpleaded facts" known by the insurers when they denied coverage. The Court denied the insurers' Motion to Stay, and ordered that litigation and discovery on all issues proceed contemporaneously ("Court's Order").

Lemko has sought broad discovery from Federal on a myriad of issues, to which Federal responded and produced over 6,000 pages of documents. Lemko now attempts to restrict the scope of Federal's discovery requests. Lemko cannot have its cake and eat it too. Federal is entitled to seek discovery concerning the factual and legal basis for Lemko's contentions regarding all of the aforementioned topics.

The purpose of pretrial discovery is to ascertain the truth about the legal controversy to expedite its disposition in the district court. However, for the reasons further discussed below, Lemko has prevented Federal from learning the truth about its claims. Federal has tried in good faith to resolve these discovery issues with Lemko via correspondence and teleconference with Lemko's counsel.[1] Despite Federal's good faith attempts, Lemko has made clear that it refuses

---

[1] A copy of Federal's February 6, 2013, letter to Lemko's counsel is attached hereto as **Exhibit A**.

to supplement or amend its Responses.[2]  Federal is therefore forced to bring this Motion to Compel.  As the deadline for the completion of fact discovery is March 1, 2013, Federal requests this Court to enter an order compelling Plaintiff to supplement and/or amend its responses to Federal's discovery requests, as set forth herein, within seven days.  Further, Federal requests an extension of the March 1, 2013, fact discovery deadline to allow Federal to conduct any additional written or oral discovery based on Lemko's supplemental responses.

## ARGUMENT

### I.    Motion to Compel Standard

A party may file a motion to compel discovery under Rule 37 of the Federal Rules of Civil Procedure where another party fails to respond to a discovery request or where the party's response is evasive or incomplete.  *Wilstein v. San Tropai Condo. Master Ass'n*, 189 F.R.D. 371 (N.D. Ill. 1999).  Under Rule 26(b)(1), "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery, or to the claim or defense of any other party ..."  A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action.  *Id*.  Courts therefore look unfavorably upon significant restrictions placed upon the discovery process.  The burden rests upon the objecting party to show why a particular discovery request is improper.  *Id*.

### II.    Lemko's Responses to Discovery Requests Regarding Alleged Liability On Breach of Contract and Bad Faith Claims Are Evasive and Incomplete

#### A.  Interrogatory Nos. 5, 7 and 9

In Nos. 5, 7 and 9 of Federal's First Set of Interrogatories, Federal requested Lemko to identify any true facts that were not pleaded in any of the Motorola Complaints that support its

---

[2] A copy of Lemko's February 13, 2013 Response to Federal's February 6th letter is attached hereto as **Exhibit B**.

contention that Federal breached its purported obligations to Lemko and/or any of the other Motorola Defendants under the Federal Policies. A copy of Federal's First Set of Interrogatories ("Federal's Interrogatories") is attached hereto as **Exhibit C**. A copy of Lemko's responses to Federal's Interrogatories ("Lemko's Interrogatory Responses") is attached hereto as **Exhibit D**. In Lemko's Interrogatory Responses, Lemko objected to Interrogatory Nos. 5, 7 and 9 on several baseless grounds, including that: (1) the interrogatories are overly broad, unduly burdensome, not relevant nor reasonably calculated to lead to the discovery of admissible evidence; (2) Federal is inappropriately attempting to gather extrinsic evidence to justify its prior denial; and (3) the interrogatories seek disclosure of protected attorney work product, mental impressions and/or trial strategies of Lemko's attorneys.

When considering an insurer's duty to defend, courts may consider evidence that an insurer, at the time it denied coverage, had knowledge of true but unpleaded facts, which, when taken together with the underlying complaint's allegations, indicated that the claim was within or potentially within the policy's coverage. *American Economy Ins. Co. v. Holabird & Root*, 382 Ill.App.3d 1017, 886 N.E.2d 1166 (1st Dist. 2008). In analyzing this issue, courts have considered both the insured's knowledge as well as the insurer's knowledge of any true but unpleaded facts. For example, in *Edward Gray Corp. v. National Union Fire Ins.*, 1997 WL 102542 (N.D. Ill. 1997), the court considered evidence showing that the insured provided the insurer National Union with two binders of information in support of the insured's tender of defense, including sworn testimony from the underlying action, establishing facts that brought the underlying claims within the scope of coverage.

Lemko cannot on one hand contend that it is entitled to conduct discovery on the insurers' knowledge of any true but unpleaded facts, but then refuse to identify any knowledge it

has of true but unpleaded facts. As the *Edwards Gray* court found, evidence concerning an insured's knowledge of any true but unpleaded facts when analyzing the duty to defend issue is appropriate. Federal is therefore entitled to explore whether Lemko has any knowledge of true but unpleaded facts and, if so, whether Federal was provided with such information at the time it denied coverage.

Federal requests that this Court order Lemko to supplement its responses to Interrogatory Nos. 5, 7 and 9 accordingly. To the extent Lemko has no knowledge of any true but unpleaded facts, it should be required to so indicate in its responses. In the alternative, Federal requests this Court order that Lemko is precluded from relying on, or otherwise using, any information – other than the Motorola Complaints and the Federal Policies – in support of its Breach of Contract Claims.

**B. Interrogatory Nos. 10, 11 and 12**

In Interrogatory Nos. 10 and 11, Federal requested that Lemko identify all Documents and Communications between Lemko and Federal concerning any of the allegations contained in the Motorola Complaints or the Federal Policies. Interrogatory No. 12 requested Lemko to identify all Documents and Communications between Lemko and Motorola concerning any of Motorola's allegations. Lemko objected to these interrogatories on several grounds, including, but not limited to, that they were not relevant or reasonably calculated to lead to the discovery of admissible evidence and that Federal is estopped from asserting coverage defenses due to its denial of coverage and is therefore "not entitled to such information."

Lemko's refusal to provide the information requested on the basis that Federal is purportedly estopped from asserting coverage defenses is wholly meritless and improper. Illinois law is clear that the estoppel doctrine applies only where an insurer has breached its duty

to defend.  The estoppel doctrine does not apply if the insurer had no duty to defend in the first place. *See Gould & Ratner v. Vigilant Insurance Company*, 336 Ill.App.3d 401, 411, 782 N.E.2d 749, 270 Ill.Dec. 190 (Ill. App. Ct. 2002) ("Application of the estoppel doctrine is not appropriate if the insurer had no duty to defend, or if the insurer's duty to defend was not properly triggered.  These circumstances include where the insurer was given no opportunity to defend; where there was no insurance policy in existence; and where, when the policy and the complaint are compared, there clearly was no coverage or potential for coverage.").  The issue of whether Federal breached any duty to defend under the Federal Policies has not yet been adjudicated, and Lemko's estoppel argument therefore has no merit and cannot form the basis for Lemko's refusal to supply the information requested in these interrogatories.

Lemko also objected to these interrogatories on grounds that "Federal has in its possession and knows the communications and documents between it and Lemko."  *See* Ex. D, p. 10-11; Ex. B, p. 2.  As Lemko has attacked Federal's handling of Lemko's claims for coverage under the Bad Faith Claim, Federal is entitled to this information to determine whether there is any factual dispute concerning the communications that were sent and received by the parties concerning Lemko's requests for coverage and Federal's responses thereto.  Lemko did not produce one single communication between Federal and Lemko concerning Lemko's claims for coverage under Federal Policy No. 3583-4123 or No. 7982-2451, although Federal sent several communications in this regard to Lemko.  Federal has no way of knowing whether Lemko failed to produce these communications because it does not have them in its possession or only because it believes that Federal has them.  In response to Lemko's discovery requests, Federal has produced all communications between Federal and Lemko concerning Lemko's claims for coverage, irrespective of whether Lemko may have them in its possession.  Unless Lemko is

willing to stipulate that the letters produced by Federal were in fact sent by Federal and received by Lemko, this Court should order Lemko to properly respond to Interrogatory Nos. 10 and 11 and provide the documentation contained therein.

Further, in Lemko's Bad Faith Claim against Federal, Lemko alleges that Federal engaged in "vexatious and unreasonable conduct" in the handling of Lemko's claim. (Count IV of Lemko's Complaint). Communications between Federal and Lemko concerning the Motorola Actions and the Federal Policies are important in assessing Federal's handling of Lemko's claims for coverage and Lemko's claim under Section 155.

Federal therefore requests that the Court order Lemko to appropriately respond to Interrogatory Nos. 10, 11, 12 and furnish all of the information requested therein. Alternatively, with respect to the duty to defend, Federal requests this Court order that Lemko is precluded from relying on, or otherwise using, any information – other than the Motorola Complaints and the Federal Policies – in support of its Breach of Contract Claims.

### C. Interrogatory Nos. 13, 15, and 16

Interrogatory Nos. 13 and 15 requested that Lemko identify all Documents and Communications between Lemko and any other Motorola Defendant, and between Lemko and any state or federal governmental agency or body, concerning any of the allegations in the Motorola Complaints or any of the Motorola Defendants. Interrogatory No. 16 asked Lemko to identify any proceedings other than the Motorola Action to which Lemko and/or any of the Motorola Defendants have been parties relating to any of the allegations asserted in the Motorola Action.

Lemko objected to these interrogatories on grounds that they are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and are overbroad and

unduly burdensome. Lemko then directed Federal to the documents in the Motorola Action which Lemko claims Federal has access to and are publicly available.

Lemko's objections are inappropriate for a number of reasons. One, directing Federal to the court file in the Motorola Action is simply unresponsive. The only documents in the Motorola Action that Federal would have access are those filed with the court and not filed under seal. Many of the filings in the Motorola Action were filed under seal and were, and still are, inaccessible to the public. Further, the court file would generally not contain communications between Motorola and Lemko. The court file would certainly not include all communications and documents between Lemko and any state or federal agency, as these entities were not parties to the Motorola Action. Nor would the court file include all communications and documents between Lemko and any of the other Motorola Defendants, as co-defendants in the case. Even if the court file materials were fully available to the public and Federal, this fact would not relieve Lemko of its obligation to produce responsive documents.

In addition, as stated above, parties are entitled to "obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim **or defense** of the party seeking discovery…". *Wilstein*, 189 F.R.D. at 375. (emphasis added). Federal's Discovery Requests are not only relevant in assessing Lemko's Bad Faith Claim, but also to Federal's affirmative defenses, including when Lemko and any of the Motorola Defendants first became aware of any of the allegations contained in the Motorola Complaints. Lemko has failed to demonstrate any legal basis for refusing to comply with Federal's discovery requests on these issues. Federal's Interrogatory Nos. 13, 15 and 16 are proper, and Federal requests the Court to order Lemko to provide appropriate responses to Interrogatory Nos. 13, 15 and 16 and provide all of the information requested therein.

### D. Document Request Nos. 3, 6, 10, 14, 15 and 24

In Document Request Nos. 3, 6, 10, 14, 15 and 24, Federal requested Documents and Communications relating to: (1) filings and discovery between Motorola and Lemko or any other defendant in the Motorola Action; (2) the settlement agreement between Lemko and Federal; (3) any Communications between Lemko and any of the Motorola Defendants relating to any of the allegations asserted in the Motorola Complaints; (4) all Documents and Communications relating to the date Lemko first received notice and/or became aware of any of the allegations asserted in any of the Motorola Complaints; (5) all Documents and Communications between Lemko and Motorola relating to any of the allegations asserted in any of the Motorola Complaints that were created, generated, sent or received prior to the filing of the Original Motorola Complaint; and (6) the application, negotiation, formulation, execution, delivery, issuance and/or payment concerning the Federal Policies. A copy of Federal's First Set of Document Requests ("Federal's Document Requests") is attached hereto as **Exhibit E**.

Lemko raised many of the same objections to these document requests as those asserted in response to Federal's interrogatories, as set forth above, including that the document requests are not relevant or reasonably calculated to lead to the discovery of admissible evidence and that Federal is estopped from asserting coverage defenses due to its denial of coverage. Lemko also referred Federal to the Motorola Action filings that it has previously provided to Federal. A copy of Lemko's Response to Federal's Document Requests is attached hereto as **Exhibit F**.

Lemko's objections and responses to these Document Requests are improper for the same reasons that they are improper in response to Federal's Interrogatories. The only Motorola Action filings that Lemko has produced to Federal are the Motorola Complaints. Lemko did not provide any other filings or discovery in the Motorola Action, even though specifically

requested.  Further, as many of the papers filed in the Motorola Action were filed, and still remain, under seal, these documents are not available to the public.  In addition, these document requests specifically seek documents and communications that would not have been filed in the Motorola Action.

Federal's Document Requests serve to assist Federal in understanding the basis for Lemko's claims for breach of contract and Section 155 claims, as well as proving its affirmative defenses.  Federal is entitled to this information, and this Court should therefore order Lemko to provide appropriate responses to each of the foregoing Document Requests and furnish all of the documentation requested therein.

### E.  Document Requests 8, 16 and 17

While the Motorola Action was pending, Lemko and other defendants in the Motorola Action filed two separate lawsuits against Motorola and/or other affiliated companies in the Circuit Court of Cook County, Illinois ("November 17, 2011 State Action" and "November 11, 2011 State Action," respectively).  Raymond Howell, former Chief Financial Officer of Lemko and a defendant in the Motorola Action, filed a lawsuit against Lemko in the Circuit Court of Cook County in September 2009 ("September 14, 2009 State Action").  In all three of these state actions (collectively "Lemko State Actions"), the parties make assertions that relate to the Motorola Action.  For instance, in the November 11, 2011 State Action, Lemko claims, in part, that "Motorola undertook a massive investigation … lasting for a year and a half and culminating in an original federal complaint filed on September 23, 2008 against Lemko …".  In the September 14, 2009 State Action, Mr. Howell claimed, among other things, that Lemko breached the employment agreement with him and wrongfully refused to pay his defense costs incurred in the Motorola Action.  In the November 17, 2011 State Action, Lemko asserted allegations

concerning, in part, the circumstances surrounding its employment of Xiahong Sheng, one of the defendants in the Motorola Action.

Document Request Nos. 8, 16 and 17 seek all Documents and Communications relating to: (1) filings and discovery between Motorola and any of the defendants in the November 17, 2011 State Action; (2) any Communications between Lemko and Motorola relating to any of the allegations asserted in the Lemko State Actions; and (3) the "massive investigation" that Motorola undertook which "culminat[ed] in an original federal complaint filed on September 23, 2008 …" as alleged in Lemko's complaint filed in the November 7, 2011 State Action.

Lemko claims that Federal's requests are "inappropriate and irrelevant to the present issues." *See* Ex. B, p. 3. Federal is perplexed by Lemko's contentions considering Lemko is seeking reimbursement from Federal in this matter for not only defense fees incurred in the Motorola Action, but apparently those incurred in the Lemko State Actions as well. *See*, e.g., Niro, Haller & Niro Invoice, dated December 7, 2011, which was produced in this matter by Lemko, a copy of which is attached hereto as **Exhibit G**. The December 7th invoice (Bates No. LEM000634), contains time entries for "revisions to state court complaint to be filed" and "filing at State Court." These activities were completed on the same dates on which the Lemko State Actions were filed. Federal is entitled to conduct discovery concerning the Lemko State Actions in assessing Lemko's claims for reimbursement for the defense fees incurred in those matters.

In addition, these Document Requests serve to discover facts to support Federal's affirmative defenses. For instance, Federal Policy No. 6802-5852 excludes coverage for, among other things, any claim or action arising from any facts or circumstances of which any person proposed for coverage is aware "which he or she has reason to suppose might give rise to a future claim that would fall within the scope of any of the proposed coverages …". The other

Federal Policies exclude coverage for, among other things, loss in progress and certain injury "arising out of any offense first committed before the beginning of the policy period." Federal is allowed to conduct discovery related to Lemko's knowledge of facts and circumstances which it had reason to suppose might give rise to a future claim that would fall within the scope of any of the proposed coverages. Lemko's allegations in the Lemko State Action suggests that Lemko may have had knowledge of the dispute between Motorola and Lemko, which resulted in the Motorola Action, prior to the inception of Federal Policy No. 6802-5852. Federal's discovery requests concerning the Lemko State Actions are proper, and the Court should order Lemko to provide appropriate responses to each of these document requests and furnish all of the documentation requested therein.

### III. Lemko's Responses to Discovery Requests Regarding Alleged Damages Are Evasive and Incomplete

In Interrogatory Nos. 19 and 20, Federal asked Lemko to identify with particularity all defense fees and expenses and consequential damages purportedly incurred and suffered by Lemko for which Lemko contends Federal is liable. In response to Interrogatory No. 19, Lemko produced invoices from several different firms. Also included in Lemko's document production was a spreadsheet entitled "Motorola v. Lemko et al. Defense Cost Summary." A copy of the Defense Cost Summary is attached hereto as **Exhibit H**. According to the Defense Cost Summary, Lemko incurred $4,408,927 in attorney fees and expenses through November 15, 2012. Lemko claims that $3,239,600 of this amount was billed by the firm of Greenberg Traurig ("GT"). However the GT invoices produced by Lemko total approximately $2,828,989, and not $3,239,600. Federal is entitled to discovery on all amounts Lemko seeks to recover in this action. Federal requests the Court order Lemko to provide all of the information requested in Interrogatory No. 19, including complete copies of the invoices substantiating Lemko's

purported defense fees and expenses. In the alternative, Federal requests that the Court deduct any alleged amount for which Lemko fails to provide sufficient documentation from any damage award, if any, in this matter.

Interrogatory No. 20 requests Lemko to identify with particularity all "consequential damages" for which it contends Federal is liable with respect to Lemko's Breach of Contract Claim and Bad Faith Claim. In response, Lemko produced copies of senior convertible debentures and private investor loans, which it claims it obtained "in part, because of the carriers [sic] failure to provide defense fees and costs." *See* Lemko's Answer to Interrogatory No. 20. Lemko however failed to identify "what part" of these debentures and loans it contends Federal is liable. Lemko also failed to provide all communications or documentation concerning these debentures and private loans. Despite Federal's request that Lemko supplement its responses to Interrogatory No. 20, Lemko refuses, contending that "Lemko's answer to Interrogatory No. 20 requires an expert opinion." *See* Ex. B, p. 2. Lemko's objections are improper and should be rejected by the Court. Interrogatory No. 20 does not request or require Lemko to provide an expert opinion. It simply asks Lemko to identify with particularity the purported consequential damages for which it asserts Federal is liable. It is not an expert's role to supply such facts. Rather, an expert analyzes the facts and data supplied by his client and draws conclusions based on that analysis. *Sys. Dev. Integration, LLC v. Computer Scis. Corp.*, 2012 U.S. Dist. LEXIS 112033 (N.D. Ill. Aug. 10, 2012). Federal seeks an order requiring Lemko to furnish all of the information requested in Interrogatory No. 20, including supporting documentation.

## **CONCLUSION**

For the foregoing reasons, Federal requests the Court to enter an order: (1) requiring Lemko to provide complete responses and production of documents in response to Federal's

First Set of Interrogatories and First Set of Requests to Produce Documents within 7 days; and (2) extending the March 1, 2013, fact discovery deadline to allow Federal to conduct additional discovery and depositions as necessary based on Lemko's supplemental discovery responses.

In the alternative, Federal requests the Court to enter an order: (1) precluding Lemko from relying on, or otherwise using, any information – other than the Motorola Complaints and the Federal Policies – to support its Breach of Contract Claims; and (2) deducting from any damage award any amounts for which Lemko has not provided complete information and documentation pursuant to Federal's discovery requests concerning Lemko's purported damages.

Respectfully submitted,

FEDERAL INSURANCE COMPANY

By: */s/ Devin C. Maddox*
    One of Its Attorneys

Thomas K. Hanekamp
Devin C. Maddox
Tressler LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6399
Telephone: (312) 627-4000
Facsimile: (312) 627-1717
Thanekamp@tresslerllp.com
Dmaddox@tresslerllp.com

#566856-v2

14