**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

LEMKO CORPORATION,                   )
                                     )
                                     )
                                     )
                                     )
                      Plaintiff,     )        Case No: 12 cv 3283
                                     )
                                     )        Honorable John J. Tharp Jr.
                                     )
FEDERAL INSURANCE COMPANY,           )
and CINCINNATI INSURANCE             )
COMPANY,                             )
                                     )
                      Defendants.    )
_____)

**PLAINTIFF'S ANSWERS TO FEDERAL INSURANCE COMPANY'S**
**FIRST SET OF INTERROGATORIES**

Plaintiff, Lemko Corporation ("Lemko" or "Plaintiff"), state as follows for its objections and answers to Defendant, Federal Insurance Company's ("Federal" or "Defendant") First Set of Interrogatories:

**GENERAL OBJECTIONS**

Plaintiff objects to Federal's Instructions and Definitions to the extent they seek to impose or create obligations not authorized by the Federal Rules of Civil Procedure or any other applicable law. Specifically, Plaintiff objects to the definitions for the terms "You", "Yours", "Motorola", "Regarding", "Relating to", and "Insurance Policies" as overly broad, vague, and unduly burdensome.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all Persons who were consulted or who participated in answering or furnishing information used in answering any of these Interrogatories, and for each such Person, state the specific Interrogatory for which the Person was consulted or furnished information.

**ANSWER:** With the assistance of counsel:

> Joseph Barr
> Chief Financial Officer
> Lemko Corporation
> 1 Pierce Place, Suite 700
> Itasca, Illinois 60143

.

**INTERROGATORY NO. 2:** Identify all Persons with knowledge of the facts supporting Your contentions in Counts I and II of the Complaint that Federal breached its purported obligations to You and/or the other Motorola Defendants under the Federal Policies.

**ANSWER:**

a)  Agents, Employees, and/or Representatives of Lemko Corporation, including but not limited to:

> Joseph Barr
> Chief Financial Officer
> Lemko Corporation
> 1 Pierce Place, Suite 700
> Itasca, Illinois 60143

> Nicholas Labun
> Chief Executive Officer
> Lemko Corporation
> 1 Pierce Place, Suite 700
> Itasca, Illinois 60143

> Bohdan Pyskir
> Chief Operations Officer
> Lemko Corporation
> 1 Pierce Place, Suite 700
> Itasca, Illinois 60143

> Michael D. Karpeles, Esq.

2

Greenberg & Traurig, LLP
77 W. Wacker Drive, Suite 3100
Chicago, IL 60601

Raymond P. Niro, Jr., Esq
181 W. Madison Street, Suite 4600
Chicago, Illinois 60602

John Michael Riccione, Esq.
Aronberg Goldgehn Davis & Garmisa
330 N. Wabas Avenue, Suite 1700
Chicago, Illinois 60611

b) Agents, Employees, and/or Representatives of Federal Insurance Company, including but not limited to:

Karen Chilcote Rivetti, Esq.
Northern Specialty Claims
Chubb & Son, a division of Federal Insurance Company
Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Christopher Buhler
Chubb & Son, a division of Federal Insurance Company
233 S. Wacker Drive, Suite 4700
Chicago, Illinois 60606

David F. Stemmler
Chubb & Son, a division of Federal Insurance Company
Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Jennifer Loewen Cavill
Chubb & Son, a division of Federal Insurance Company
312 Walnut Street, Suite 2100
Cincinnati, Ohio 45202

Alison L. Martin
Chubb & Son, a division of Federal Insurance Company
Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Joanne V. Benson, CPU
Chubb & Son, a division of Federal Insurance Company
233 S. Wacker Drive, Suite 4700
Chicago, Illinois 60606

Laura A. Krauskopf
Chubb & Son, a division of Federal Insurance Company
233 S. Wacker Drive, Suite 4700
Chicago, Illinois 60606

c) Agents, Employees, and/or Representatives of The Plexus Group, LLC, including but not limited to:

Geoff Isaac
The Plexus Groupe LLC
21805 Field Parkway
Suite 300
Deer Park, Illinois 60010

Lisa Pelletiere
The Plexus Groupe LLC
21805 Field Parkway
Suite 300
Deer Park, Illinois 60010

Elias Chami
The Plexus Groupe LLC
21805 Field Parkway
Suite 300
Deer Park, Illinois 60010

d) Agents, Employees, and/or Representatives of Lundstrom Insurance, including but not limited to:

Craig Flynn
Lundstrom Insurance
645 Tollgate Road
Elgin, Illinois 60123

**INTERROGATORY NO. 3:** Identify all Persons with knowledge of the facts supporting Your contention in Count IV of the Complaint that Lemko is entitled to relief against Federal pursuant to Section 155 of the Illinois Insurance Code.

**ANSWER:** *See* Plaintiff's Answer to Interrogatory No. 2 (a) & (b).

4

**INTERROGATORY NO. 4:** Identify with particularity the legal and factual basis for Your contention in Count I of the Complaint that Federal breached its purported obligations to You and/or any of the other Motorola Defendants under the Federal Forefront Portfolio Policy, and identify to which Motorola Defendant each legal and factual basis provided applies.

**ANSWER:** Plaintiff objects to Interrogatory No. 4 to the extent that it calls for a legal conclusion and is overly broad and unduly burdensome. Plaintiff further objects to the extent that the Interrogatory seeks disclosure of protected attorney work product, as it intends to reveal the mental impressions and/or trial strategy of Plaintiff's attorneys. Subject to and without waiving said objections, Plaintiff answers as follows. Defendant failed to provide a defense to the Lemko Corporation and the other Insured Persons as defined under Federal Policy No. 6802-5852 for the *Motorola, Inc. v. Lemko Corp., et al.,* action, Case No.: 08-CV-5427 (N.D.Ill. 2008) ("Motorola action"). Federal issued a policy to its insured agreeing to defend litigation filed against its insureds per the policy provisions. Federal failed to abide by the language of its policy and the law regarding obligations to defend its insureds. By failing to defend and/or pay defense fees and expenses and/or provide the insurance support Federal was obligated to provide, under the language of its contract and the law, Federal breached its insurance contract with the insureds.

The following facts demonstrate the breach: the policies, the allegations of the Motorola complaints, the failure of Federal to defend its insureds, the failure of Federal to retain defense counsel and/or pay for defense fees and expenses, and the failure of Federal to abide by the law in considering whether it had an obligation to defend its insureds. To wit: an insurer is obligated to compare the allegations of the underlying complaint to the policy language and if there is even a potential of coverage, whether the allegations are true or not, the insurer owes its insured a duty to defend. Instead of doing so, Federal placed its financial well-being ahead of the financial

5

well-being and security of Lemko, the company it was obligated to defend. Federal further failed to follow the law which provides that in the face of a request for defense by its insured, an insurer can either defend under a reservation of rights or file a declaratory judgment action seeking a Court's ruling as to its obligations under the policy. Federal, however, chose to abandon its insured(s) and simply refused to defend; leaving its insureds to their own devices. Federal is now estopped from asserting coverage defenses. Investigation continues. Plaintiff will supplement as necessary.

The allegations contained in Count I of the Complaint apply to each and every of the Motorola Defendants insured under Federal Policy No. 6802-5852.

**INTERROGATORY NO. 5:** Identify with particularity all true facts that were not pleaded in any of the Motorola Complaints that support Your contention in the Complaint that Federal breached its purported obligations to You and/or any of the other Motorola Defendants under the Federal Forefront Portfolio Policy.

**ANSWER:** Plaintiff objects to Interrogatory No. 5 as it is over broad, unduly burdensome, and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence as it is inappropriate for an insurer to attempt, through discovery, to gather extrinsic evidence which justifies its prior denial. Plaintiff further objects to the extent that the Interrogatory seeks disclosure of protected attorney work product, as it intends to reveal the mental impressions and/or trial strategy of Plaintiff's attorneys. Subject to and without waiving the aforementioned objections, Plaintiff answers as follows. The following facts demonstrate the breach: the policies, the allegations of the Motorola complaints, the failure of Federal to defend its insureds, the failure of Federal to retain defense counsel and/or pay for defense fees and expenses, and the failure of Federal to abide by the law in considering whether it had an obligation to defend its insureds. To wit: an insurer is obligated to compare the allegations of the underlying complaint

to the policy language and if there is even a potential of coverage, whether the allegations are true or not, the insurer owes its insured a duty to defend. Instead of doing so, Federal placed its financial well-being ahead of the financial well-being and security of Lemko, the company it was obligated to defend. Federal further failed to follow the law which provides that in the face of a request for defense by its insured, an insurer can either defend under a reservation of rights or file a declaratory judgment action seeking a Court's ruling as to its obligations under the policy. Federal, however, chose to abandon its insured(s) and simply refused to defend; leaving its insureds to their own devices. Federal is now estopped from asserting coverage defenses.

Investigation continues. Plaintiff will supplement as necessary, following Federal's response to discovery based upon the information it provides.

**INTERROGATORY NO. 6:** Identify with particularity the legal and factual basis for Your contention in Count II of the Complaint that Federal breached its purported obligations to You and/or any of the other Motorola Defendants under Policy 3583-4123, and identify to which Motorola Defendant each legal and factual basis provided applies.

**ANSWER:** Plaintiff objects to Interrogatory No. 6 to the extent that it calls for a legal conclusion and is overly broad and unduly burdensome. Plaintiff further objects to the extent that the Interrogatory seeks disclosure of protected attorney work product, as it intends to reveal the mental impressions and/or trial strategy of Plaintiff's attorneys. Subject to and without waiving said objections, Plaintiff answers as follows. Defendant failed to provide a defense to the Lemko Corporation and the other Insured Persons as defined under Federal Policy No. 3583-4123 for the *Motorola, Inc. v. Lemko Corp., et al.,* action, Case No.: 08-CV-5427 (N.D.Ill. 2008) ("Motorola action"). Federal issued a policy to its insured agreeing to defend litigation filed against its insureds per the policy provisions. Federal failed to abide by the language of its policy and the law regarding obligations to defend its insureds. By failing to defend and/or pay

7

defense fees and expenses and/or provide the insurance support Federal was obligated to provide, under the language of its contract and the law, Federal breached its insurance contract with the insureds.

The following facts demonstrate the breach: the policies, the allegations of the Motorola complaints, the failure of Federal to defend its insureds, the failure of Federal to retain defense counsel and/or pay for defense fees and expenses, and the failure of Federal to abide by the law in considering whether it had an obligation to defend its insureds. To wit: an insurer is obligated to compare the allegations of the underlying complaint to the policy language and if there is even a potential of coverage, whether the allegations are true or not, the insurer owes its insured a duty to defend. Instead of doing so, Federal placed its financial well-being ahead of the financial well-being and security of Lemko, the company it was obligated to defend. Federal further failed to follow the law which provides that in the face of a request for defense by its insured, an insurer can either defend under a reservation of rights or file a declaratory judgment action seeking a Court's ruling as to its obligations under the policy. Federal, however, chose to abandon its insured(s) and simply refused to defend; leaving its insureds to their own devices. Federal is now estopped from asserting coverage defenses. Investigation continues. Plaintiff will supplement as necessary.

The allegations contained in Count II of the Complaint apply to each and every of the Motorola Defendants insured under Federal Policy No. 3583-4123.

**INTERROGATORY NO. 7:** Identify with particularity all true facts that were not pleaded in any of the Motorola Complaints that support Your contention in Count II of the Complaint that Federal breached its purported obligations to You and/or any of the other Motorola Defendants under Policy 3583-4123.

**ANSWER:** *See* Plaintiff's Answer and Objections to Interrogatory No. 5.

8

**INTERROGATORY NO. 8:** Identify with particularity the legal and factual basis for Your contention in Count II of the Complaint that Federal breached its purported obligations to You and/or any of the other Motorola Defendants under Policy 7982-2451, and identify to which Motorola Defendant each legal and factual basis provided applies.

**ANSWER:** Plaintiff objects to Interrogatory No. 8 to the extent that it calls for a legal conclusion and is overly broad and unduly burdensome. Plaintiff further objects to the extent that the Interrogatory seeks disclosure of protected attorney work product, as it intends to reveal the mental impressions and/or trial strategy of Plaintiff's attorneys. Subject to and without waiving said objections, Plaintiff answers as follows. Defendant failed to provide a defense to the Lemko Corporation and the other Insured Persons as defined under Federal Policy No. 7982-2451 for the *Motorola, Inc. v. Lemko Corp., et al.,* action, Case No.: 08-CV-5427 (N.D.Ill. 2008) ("Motorola action"). Federal issued a policy to its insured agreeing to defend litigation filed against its insureds per the policy provisions. Federal failed to abide by the language of its policy and the law regarding obligations to defend its insureds. By failing to defend and/or pay defense fees and expenses and/or provide the insurance support Federal was obligated to provide, under the language of its contract and the law, Federal breached its insurance contract with the insureds.

The following facts demonstrate the breach: the policies, the allegations of the Motorola complaints, the failure of Federal to defend its insureds, the failure of Federal to retain defense counsel and/or pay for defense fees and expenses, and the failure of Federal to abide by the law in considering whether it had an obligation to defend its insureds. To wit: an insurer is obligated to compare the allegations of the underlying complaint to the policy language and if there is even a potential of coverage, whether the allegations are true or not, the insurer owes its insured a duty to defend. Instead of doing so, Federal placed its financial well-being ahead of the financial

9

well-being and security of Lemko, the company it was obligated to defend. Federal further failed to follow the law which provides that in the face of a request for defense by its insured, an insurer can either defend under a reservation of rights or file a declaratory judgment action seeking a Court's ruling as to its obligations under the policy. Federal, however, chose to abandon its insured(s) and simply refused to defend; leaving its insureds to their own devices. Federal is now estopped from asserting coverage defenses. Investigation continues. Plaintiff will supplement as necessary.

The allegations contained in Count II of the Complaint apply to each and every of the Motorola Defendants insured under Federal Policy No. 7982-2451.

**INTERROGATORY NO. 9:** Identify with particularity all true facts that were not pleaded in any of the Motorola Complaints that support Your contention in the Complaint that Federal breached its purported obligations to You and/or any of the other Motorola Defendants under Policy 7982-2451.

**ANSWER:** *See* Plaintiff's Answer and Objections to Interrogatory No. 5.

**INTERROGATORY NO. 10:** Identify all Documents and Communications, written or verbal, between You and Federal concerning the Motorola Action, and for each Communication, identify:

      (a)    The parties;

      (b)    Date; and

      (c)    Substance of such Communication.

**ANSWER:** Plaintiff objects to Interrogatory No. 10 as it is overbroad and unduly burdensome particularly as it requires reference to verbal communications. In addition, Federal has in its

possession and knows the communications and documents between it and Lemko regarding the

Motorola Action. Further objecting, Federal is estopped from asserting coverage defenses due to

its denial of coverage and so is not entitled to such information. Subject to and without waiving

the aforementioned objections, *see* bates labeled documents LEM000722 to LEM000757;

LEM000839 to LEM000946; LEM002019 to LEM002022 produced in response to Federal's

First Set of Request for Production.


**INTERROGATORY NO. 11:** Identify all Documents and Communications, written or verbal, between You and Federal concerning any of the Federal Policies, including any claims submitted thereunder, and for each Communication, identify:

      (a)    The parties;

      (b)    Date; and

      (c)    Substance of such Communication.

**ANSWER:** Plaintiff objects to Interrogatory No. 11 as it is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome.

In addition, Federal has in its possession and knows the communications and documents between

it and Lemko. Further objecting, Federal is estopped from asserting coverage defenses due to its

denial of coverage and so is not entitled to such information. Subject to and without waiving the

aforementioned objections, *see* bates labeled documents LEM000722 to LEM000757;

LEM000839 to LEM000946; LEM002019 to LEM002022 produced in response to Federal's

First Set of Request for Production.


**INTERROGATORY NO. 12:** Identify all Documents and Communications, written or verbal, between You and Motorola concerning any of the allegations contained in any of the Motorola Complaints, and for each Communication, identify:

      (a)    The parties;

      (b)     Date; and

      (c)     Substance of such Communication.

**ANSWER:** Plaintiff objects to Interrogatory No. 12 as it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Further objecting, Federal is estopped from asserting coverage defenses due to its denial of coverage and so is not entitled to such information. Subject to and without waiving the aforementioned objections, Federal has access to the documents in the Motorola Action which are publically available. *See also* Plaintiff's Answer and Objections to Interrogatory No. 5.

      **INTERROGATORY NO. 13:** Identify all Documents and Communications, written or verbal, between You and any other Motorola Defendant concerning any of the allegations contained in any of the Motorola Complaints, and for each Communication, identify:

      (a)     The parties;

      (b)     Date; and

      (c)     Substance of such Communication.

**ANSWER:** Plaintiff objects to Interrogatory No. 13 as it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome and seeks information protected by attorney client and/or work product privileges. Subject and without waiving the aforementioned objections, Federal has access to the documents in the Motorola Action which are publically available. *See also* Plaintiff's Answer and Objections to Interrogatory No. 5.

      **INTERROGATORY NO. 14:** Identify all Documents and Communications, written or verbal, between You and any insurance company other than Federal, including, but not limited to, Philadelphia Insurance Company, concerning any of the allegations asserted in the Motorola Action, and for each Communication, identify:

       (a)     The parties;

       (b)     Date; and

       (c)     Substance of such Communication.

**ANSWER:**  Plaintiff objects to Interrogatory No. 14 as it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Subject and without waiving the aforementioned objections, *see* bates labeled documents LEM000675 to LEM000721; LEM000758 to LEM000948; LEM002019 to LEM002022 produced in response to Federal's First Set of Request for Production.


      **INTERROGATORY NO. 15:** Identify all Documents and Communications, written or verbal, between You and any state or federal governmental agency or body, related to any of the allegations asserted in the Motorola Action or any of the Motorola Defendants, and for each Communication, identify:

       (a)     The parties;

       (b)     Date; and

       (c)     Substance of such Communication.

**ANSWER:**  Plaintiff objects to interrogatory no 15 as it is neither relevant nor reasonable calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Subject and without waiving the aforementioned objections, Federal has access to the documents in the Motorola Action which are publically available. *See also* Plaintiff's Answer and Objections to Interrogatory No. 5.


      **INTERROGATORY NO. 16:** Identify any proceedings other than the Motorola Action to which You and/or any of the Motorola Defendants have been parties relating to any of the allegations asserted in the Motorola Action, including, but not limited to, any lawsuits, criminal proceedings, arbitrations, and mediations. For each such proceeding, identify:

(a)     The parties;

(b)     Case Number and Jurisdiction (if applicable)

(c)     Date the proceeding was commenced;

(d)     Claims alleged in the proceeding; and

(e)     Whether the proceeding has been resolved, and if so how it was resolved.

**ANSWER:**   Plaintiff objects to interrogatory no 16 as it is neither relevant nor reasonable calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Subject and without waiving the aforementioned objections, Federal has access to the documents in the Motorola Action which are publically available. *See also* Plaintiff's Answer and Objections to Interrogatory No. 5.

**INTERROGATORY NO. 17:** Identify with particularity the legal and factual basis for Your contention in Paragraph 35 of the Complaint that "[t]he Motorola Action alleges property damage and/or advertising injury within the meaning of the Federal General Liability Policies and/or the Federal Umbrella Policies."

**ANSWER:** *See* Plaintiff's Answer and Objections to Interrogatory No. 6.

**INTERROGATORY NO. 18:** Identify with particularity the legal and factual basis for Your contention in Count IV of the Complaint that Lemko is entitled to relief against Federal pursuant to Section 155 of the Illinois Insurance Code.

**ANSWER:** *See* Plaintiff's Answers and Objections to Interrogatory Nos. 4, 6, and 8.

**INTERROGATORY NO. 19:** Identify with particularity all "defense fees and expenses" purportedly incurred by You in the Motorola Action for which You contend in Your Complaint that Federal is liable, and for each "defense fee" and "expense" incurred, state:

(a)     Invoice Date;

(b)     The date of the payment;

14

      (c)     Amount paid and to whom it was paid; and

      (d)     Detailed description of the services for which the payment was made.

**ANSWER:** *See* bates labeled documents LEM000001 to LEM000674; LEM000949 to LEM000951; LEM001238 to LEM001337; LEM001949 produced in response to Federal's First Set of Request for Production.

      **INTERROGATORY NO. 20:** Identify with particularity all "consequential damages" purportedly suffered by You for which You contend in Counts I and II of the Complaint that Federal is liable, and for each "consequential damage" identify:

      (a)     The date incurred; and

      (b)     The amount incurred.

**ANSWER:** Plaintiff objects to Interrogatory No. 20 to the extent that it requires the disclosure of expert opinions and reports prior to the time period provided for by the Court's scheduling order. Subject to and without waiving the aforementioned objections, Plaintiff retained and paid for or obligated itself to pay for the Motorola Defendants' defense fees and expenses in the Motorola Action. Federal's failure to provide a defense in the Motorola Action caused Lemko to use much needed capital for the defense of this Action, rather than for the company's growth and other obligations. In addition, Lemko obtained senior convertible debentures and private investors loans obtained, in part, because of the carriers failure to provide defense fees and costs. Coverage fees of attorneys retained. *See also,* bates label documents LEM000001 to LEM000674; LEM000949 to LEM0001044; LEM001238 to LEM001337; LEM001949 to LEM2018.

      Plaintiff's investigation continues and will supplement its answer to Interrogatory No. 20 as necessary.

**INTERROGATORY NO. 21:** Identify, by name of insurer, policy number and policy limits, any Insurance Policies that provided a defense, or have agreed to indemnify defense fees and/or expenses, on Your and/or any other Motorola Defendant's behalf in the Motorola Action.

**ANSWER:** *See* Plaintiff's Answer and Objections to Interrogatory No. 5. Subject to and without waiving the aforementioned objections: none.

**INTERROGATORY NO. 22:** Identify, by name of insurer, policy number and policy limits, any Insurance Policies that were issued to You and that had effective periods any time between January 1, 2002 and the present.

**ANSWER:** Plaintiff objects to Interrogatory No. 22, as it is over broad, unduly burdensome, and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the aforementioned objections, Plaintiff refers to the allegations in its Complaint relative to the Federal and Cincinnati insurance policies. Additionally, Lemko was insured under Philadelphia Indemnity Insurance Company policies No. PHSD453521 with an effective date of 09/19/2009 to 09/19/2010 and No. PHSD559769 with an effective date from 9/19/2010 to 09/19/2011.

**INTERROGATORY NO. 23:** Identify all Persons having knowledge of the negotiation, formulation, execution, delivery, issuance and/or payment of each of the Federal Policies, and for each; (a) describe the knowledge possessed by that Person; and (b) identify each policy as to which he or she has knowledge.

**ANSWER:** Plaintiff objects to Interrogatory No. 23 as it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Subject to and without waiving the aforementioned objections, *see* Plaintiff's Answer to Interrogatory No. 2.

**INTERROGATORY NO. 24:** Identify the nature of the relationship between You and each of the other Motorola Defendants, and for each Motorola Defendant identify:

16

(a)     The date the relationship began;

(b)     The date the relationship ended;

(c)     Whether the relationship was evidenced in writing;

(d)     The responsibilities of each party pursuant to the relationship; and

(e)     To the extent the relationship has ended, the reason for the termination of the relationship.

**ANSWER:**  *See* Plaintiff's Answer and Objections to Interrogatory No. 5.  Plaintiff further objects on the grounds that Interrogatory No. 24 calls for a narrative response which is better suited for deposition testimony. Subject to and notwithstanding said objection, Plaintiff answers as follows:

1) Xiaohong Sheng
   Former Lead Software Engineer for Lemko Corporation
   Employed: 2/1/2005 to 11/1/2006
   Document: Employment Offer Letter
   Resigned her position.

2) Shaowei Pan
   Chief Technical Officer for Lemko Corporation
   Employed: 4/1/2004 to the present
   Document: Employment Agreement

3) Xiaohua Wu
   Wife of Lemko Employee Shaowei Pan, *supra.*

4) Hanjuan Jin
   Former Lead Software Engineer for Lemko Corporation
   Employed: 2/28/2005 to 11/15/2006
   Document: Employment Offer Letter
   Resigned her position.

5) Xuefeng Bai
   Lead Software Engineer for Lemko Corporation
   Employed: 1/2/2008 to the present
   Document: Employment Offer Letter

6) Nicholas Labun

Chief Executive Officer for Lemko Corporation
Employed: 6/4/2004 to the present
Document: Employment Agreement

7) Bohdan Pyskir
Chief Operations Officer/President
Employed: 3/15/2004 to the present
Document: Employment Agreement

8) Hechun Cai
Vice President of Engineering for Lemko Corporation
Employed: 2/14/2005 to the present
Document: Employment Agreement

9) Jinzhong Zhang
Former Vice President of Engineering for Lemko Corporation
Employed: 6/12/2004 to 5/31/2009
Document: Employment Agreement
Employment Terminated by Lemko Corporation

10) Angel Favila
Former Consultant for Lemko Corporation
Employed: 4/1/2004 to 6/1/2005
Document: Consulting Agreement
Terms of the Agreement

11) Ankur Saxena
Lead Software Engineer for Lemko Corporation
Employed: 2/1/2008 to 10/31/10
Document: Employment Offer Letter
Resigned his position.

12) Raymond Howell
Former Chief Financial Officer for Lemko Corporation
Employed: 11/1/2003 to 2/1/2008
Document: Employment Agreement
Employment terminated by Lemko Corporation.

13) Faye Vorick
Vice President of Marketing
Employed: 1/1/2004 to 7/11/12
Document: Employment Offer Letter
Resigned her position.

14) Nicholas Desai
Former Vice President of Business Development and Former Consultant for Lemko

Corporation
Employed: 1/2/2004 to 8/31/2005
Document: Employment Offer Letter and Consulting Agreement
Resigned his position.

15) Huawei Technologies Co., Ltd
Independent Vender/Supplier
5/31/2005 to the Present
Documents: Various OEM and Reseller Agreements

*See also,* bates labeled documents LEM001045 to LEM001237.

**INTERROGATORY NO. 25:** Identify each expert retained by You whom You expect to call as an expert witness at trial for the claims asserted in the Complaint and state for each:

        (a)      The subject matter each expert is expected to testify on;

        (b)      The substance of facts and opinions to which each expert is expected to testify; and

        (c)      A summary of the grounds for each opinion.

**ANSWER:** Plaintiff objects to Interrogatory No. 25 to the extent that it requires the disclosure of expert opinions and reports prior to the time period provided for by the Court's scheduling order.

Dated: January 14, 2013

                                                    Katherine Smith Dedrick, Esq,
Illinois Bar No. 6185314
kdedrick@childresslawyers.com
Coleman J. Braun
Illinois Bar No. 6295961
cbraun@childresslawyers.com
Childress Duffy, Ltd.
500 North Dearborn Street
Suite 1200
Chicago, Illinois 60654
Tel: (312) 494-0200
Fax: (312) 494-0202
Attorneys for Plaintiff

## VERIFICATION

The undersigned being first duly sworn upon oath, deposes and states that the foregoing Answers to Interrogatories are true to the best of their belief and knowledge.



_____
Joseph A. Barr

1/10/2012
_____
Date

**SUBSCRIBED TO AND SWORN**

to me this 10 day of January, 2013.

_____
NOTARY PUBLIC

KRISTIN BURETA
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
April 01, 2013

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished on this the 14th day of January, 2013, via U.S. mail and email to Defendants, Cincinnati Insurance Company and Federal Insurance Company, by and through its attorneys:

Hope G. Nightingale, Esq.
Kathleen L Bianco, Esq.
Litchfield Cavo
303 West Madison Street
Suite 300
Chicago, IL 60606
(312) 781-6677
Email: nightingale@litchfieldcavo.com
***Cincinnati Insurance Company***

Devin C. Maddox, Esq.
Thomas Kevin Hanekamp, Esq.
Tressler LLP
22nd Floor
233 S. Wacker Drive
Chicago, IL 60606-6399
Email: dmaddox@tresslerllp.com
***Federal Insurance Company***

By: _____
Katherine Smith Dedrick, Esq,
Illinois Bar No. 6185314
kdedrick@childresslawyers.com
Coleman J. Braun
Illinois Bar No. 6295961
cbraun@childresslawyers.com
Childress Duffy, Ltd.
500 North Dearborn Street
Suite 1200
Chicago, Illinois 60654
Tel: (312) 494-0200
Fax: (312) 494-0202
Attorneys for Plaintiff