IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEMKO CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 12 cv 3283 |
| | ) | |
| | ) | Honorable John J. Tharp Jr. |
| FEDERAL INSURANCE COMPANY, and CINCINNATI INSURANCE COMPANY, | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO FEDERAL INSURANCE COMPANY'S
FIRST SET OF REQUESTS TO PRODUCE DOCUMENTS**

Plaintiff, Lemko Corporation ("Lemko" or "Plaintiff"), state as follows for its objections and responses to Defendant, Federal Insurance Company's ("Federal" or "Defendant") First Set of Requests to Produce Documents:

**GENERAL OBJECTIONS**

Plaintiff objects to Federal's Instructions and Definitions to the extent they seek to impose or create obligations not authorized by the Federal Rules of Civil Procedure or any other applicable law. Specifically, Plaintiff objects to the definitions for the terms "You", "Yours", "Motorola", "Regarding", "Relating to", and "Insurance Policies" as overly broad, vague, and unduly burdensome.

## RESPONSES TO REQUESTS TO PRODUCE

**REQUEST NO. 1**: Produce all Documents and Communications referred to, identified in, relied upon, reviewed, or otherwise used by You in preparing Your answers to any of Federal's First Set of Interrogatories.

**RESPONSE**: Plaintiff objects to Request No. 1 as it is overly broad and unduly burdensome. Subject to and without waiving the aforementioned objections, *see* concurrently produced bates labeled documents LEM000001 to LEM002074.

**REQUEST NO. 2**: Produce all Documents and Communications referred to, identified in, relied upon, reviewed, or otherwise used by You in preparing the Complaint.

**RESPONSE**: Plaintiff objects to Request No. 2 as it is overly broad unduly burdensome and seeks documents protected by the attorney client and/or work product privileges. Subject to and without waiving the aforementioned objections, *see* bates labeled documents LEM000001 to LEM000674; LEM001948; LEM002023 to LEM002074, and documents attached as exhibits to the Complaint, Federal's declination letter(s), and Cincinnati's Declaration letters at bates label LEM00675 to LEM000757.

**REQUEST NO. 3**: Produce all Documents and Communications relating to any orders, decisions, pleadings, motions, briefs, and discovery between Motorola and any of the Motorola Defendants in the Motorola Action, including but not limited to:

    (a)    All interrogatories propounded, and the objections and answers thereto;

    (b)    All requests for production of documents propounded, and all the pleadings, objections and documents produced in response thereto;

    (c)    All requests to admit propounded, and the objections and answers thereto;

    (d)    The transcripts of all depositions taken in the Motorola Action

    (e)    The transcripts of all court hearings in the Motorola Action;

  (f)  All witness statements, including, but not limited to, depositions, affidavits, and declarations by anyone; and

  (g)  All expert witness designations and reports.

**RESPONSE:** Plaintiff objects to Request No. 3 as it is over broad, unduly burdensome, and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence as it is inappropriate for an insurer to attempt, through discovery, to gather extrinsic evidence which justifies its prior denial. Federal further failed to follow the law which provides that in the face of a request for defense by its insured, an insurer can either defend under a reservation of rights or file a declaratory judgment action seeking a Court's ruling as to its obligations under the policy. Federal, however, chose to abandon its insured(s) and simply refused to defend; leaving its insureds to their own devices. Federal is now estopped from asserting coverage defenses.

  Plaintiff further objects to Request No. 3 to the extent it seeks documents protected by attorney client and/or work product privileges, documents created for settlement/mediation purposes, and/or documents otherwise protected. Subject to and without waiving the aforementioned objections, documents responsive to Request No. 3 have been previously provided to Defendant and Plaintiff refers Defendant to the Federal record which is equally accessible to defendants in the Motorola action

  **REQUEST NO. 4:** Produce all Documents and Communications between You and any insurance broker, agent or other representative relating to any of the allegations asserted in any of the Motorola Complaints.

**RESPONSE:** Plaintiff objects to Request No. 4 on the grounds that it is overbroad and unduly burdensome, and to the extent that it seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the term "agent" to the extent it seeks a legal conclusion. Moreover, we do not understand the phrase

"other representative" to be seeking documents protected by the attorney client and/or work product privileges. To the extent it is, Plaintiff further objects based on those privileges. Subject to and without waiving said objection, *see* attached bates labeled documents at LEM000839 to LEM000948; LEM002019 to LEM002022.

**REQUEST NO. 5:** Produce all Documents and Communications between You and any insurance broker, agent or other representative relating to any of the Federal Policies.

**RESPONSE:** Plaintiff objects to Request No. 5 on the grounds that it is overbroad and unduly burdensome, and to the extent that it seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the term "agent" to the extent it seeks a legal conclusion. Moreover, we do not understand the phrase "other representative" to be seeking documents protected by the attorney client and/or work product privileges. To the extent it is, Plaintiff further objects based on those privileges. Subject to and without waiving said objection, *see* attached bates labeled documents at LEM000839 to LEM000948; LEM002019 to LEM002022.

**REQUEST NO. 6:** Produce all Documents and Communications relating to the date that You first received notice and/or became aware of any of the allegations asserted in any of the Motorola Complaints.

**RESPONSE:** Plaintiff refers to and adopts its objections provided in its response to Request No. 3, *supra*, as if fully stated herein. Subject to and without waiving said objection, *see* Motorola Complaint(s) attached as exhibits to the Lemko Complaint.

**REQUEST NO. 7:** Produce all Documents and Communications relating to any orders, decisions, pleadings, motions, briefs, and discovery between Motorola and any of the defendants in the November 7, 2011 State Action, including but not limited to:

(a) All interrogatories propounded, and the objections and answers thereto;

(b) All requests for production of documents propounded, and all the pleadings, objections and documents produced in response thereto;

(c) All requests to admit propounded, and the objections and answers thereto;

(d) The transcripts of all depositions taken in the November 7, 2011 State Action;

(e) The transcripts of all court hearings in the November 7, 2011 State Action;

(f) All witness statements, including, but not limited to, depositions, affidavits, and declarations by anyone; and

(g) All expert witness designations and reports.

**RESPONSE:** Plaintiff refers to and adopts its objections provided in its response to Request No. 3, *supra*, as if fully stated herein.

**REQUEST NO. 8:** Produce all Documents and Communications relating to any orders, decisions, pleadings, motions, briefs, and discovery between Motorola and any of the defendants in the November 17, 2011 State Action, including but not limited to:

(a) All interrogatories propounded, and the objections and answers thereto;

(b) All requests for production of documents propounded, and all the pleadings, objections and documents produced in response thereto;

(c) All requests to admit propounded, and the objections and answers thereto;

(d) The transcripts of all depositions taken in the November 17, 2011 State Action;

(e) The transcripts of all court hearings in the November 17, 2011 State Action;

(f) All witness statements, including, but not limited to, depositions, affidavits, and declarations by anyone; and

(g) All expert witness designations and reports.

**RESPONSE:** Plaintiff refers to and adopts its objections provided in its response to Request No. 3, *supra*, as if fully stated herein.

**REQUEST NO. 9:** Produce all Documents and Communications relating to any orders, decisions, pleadings, motions, briefs, and discovery between Motorola and any of the defendants in the September 14, 2009 State Action, including but not limited to:

(a) All interrogatories propounded, and the objections and answers thereto;

(b) All requests for production of documents propounded, and all the pleadings, objections and documents produced in response thereto;

(c) All requests to admit propounded, and the objections and answers thereto;

(d) The transcripts of all depositions taken in the September 14, 2009 State Action;

(e) The transcripts of all court hearings in the September 14, 2009 State Action;

(f) All witness statements, including, but not limited to, depositions, affidavits, and declarations by anyone; and

(g) All expert witness designations and reports.

**RESPONSE:** Plaintiff refers to and adopts its objections provided in its response to Request No. 3, *supra*, as if fully stated herein.

**REQUEST NO. 10:** Produce all Documents and Communications relating to the settlement between You and Motorola, as referenced in Paragraph 21 of the Complaint, including, but not limited to, any settlement agreement.

**RESPONSE:** Plaintiff refers to and adopts its objections provided in its response to Request No. 3, *supra*, as if fully stated herein. Subject to and without waiving the aforementioned objections, Plaintiff is producing the requested settlement agreement subject to the terms and conditions of this Court's confidentiality order, *see* bates labeled documents LEM002023 to LEM002074.

**REQUEST NO. 11:** Produce all Documents and Communications upon which You rely to support Your contentions in Count I of the Complaint that Federal breached its purported obligations to You and/or any of the other Motorola Defendants under the Federal Forefront Portfolio Policy.

**RESPONSE:** See exhibits attached to Lemko's Complaint. *See also* Federal's declination letters, Lemko's attorneys' fees and costs, and the settlement agreement in the Motorola Action, all produced concurrently herewith.

**REQUEST NO. 12:** Produce all Documents and Communications upon which You rely to support Your contentions in Count II of the Complaint that Federal breached its purported obligations to You and/or any of the other Motorola Defendants under Policy 3583- 4123.

**RESPONSE:** *See* Plaintiff's Response to Request No. 11.

**REQUEST NO. 13:** Produce all Documents and Communications upon which You rely to support Your contentions in Count II of the Complaint that Federal breached its purported obligations to You and/or any of the other Motorola Defendants under Policy 7982- 2451.

**RESPONSE:** *See* Plaintiff's Response to Request No. 11.

**REQUEST NO. 14:** Produce all Documents relating to any Communications between You and any of the Motorola Defendants relating to any of the allegations asserted in any of the Motorola Complaints.

**RESPONSE:** Plaintiff refers to and adopts its objections provided in its response to Request No. 3, *supra*, as if fully stated herein.

**REQUEST NO. 15:** Produce all Documents and Communications between You and Motorola relating to any of the allegations asserted in any of the Motorola Complaints, including, but not limited to, any Documents or Communications between You and Motorola that were created, generated, sent, received or had prior to the filing of the Original Motorola Complaint.

**RESPONSE:** Plaintiff refers to and adopts its objections provided in its response to Request No. 3, *supra*, as if fully stated herein.

**REQUEST NO. 16:** Produce all Documents and Communications between You and Motorola relating to any of the allegations asserted in any of the Lemko State Actions, including, but not limited to, any Documents or Communications between You and Motorola that were created, generated, sent, received or had prior to the filing of the Lemko State Actions.

**RESPONSE:** Plaintiff refers to and adopts its objections provided in its response to Request No. 3, *supra*, as if fully stated herein.

**REQUEST NO. 17:** Produce all Documents and Communications relating to the "massive investigation" that Motorola undertook which "culminat[ed] in an original federal complaint filed on September 23, 2008 . . . " as alleged in Para. 8 of your complaint filed in the November 7, 2011 State Action.

**RESPONSE:** Plaintiff refers to and adopts its objections provided in its response to Request No. 3, *supra*, as if fully stated herein.

**REQUEST NO. 18:** Produce all Documents and Communications relating to the nature of Your relationship with each of the other Motorola Defendants, including, but not limited to, any offer letters, letters of acceptance of employment, termination letters, resignation of employments letters, employment agreements, employee manuals, and company handbooks.

**RESPONSE:** Plaintiff refers to and adopts its objections provided in its response to Request No. 3, *supra*, as if fully stated herein. Subject to and without waiving said objections, *see* bates labeled documents LEM001045 to LEM001237; LEM001949.

**REQUEST NO. 19:** Produce a true and correct copy of all Insurance Policies that were issued to You with an effective period any time between January 1, 2002 and the present.

8

**RESPONSE:** Plaintiff refers to and adopts its objections provided in its response to Request No. 3, *supra*, as if fully stated herein. Subject to and notwithstanding said objections, *see* all exhibits attached to the Complaint, *see also* Philadelphia Indemnity Insurance Company policy at bates label LEM001338 to LEM001931.

**REQUEST NO. 20:** Produce all Documents and Communications upon which You rely to support Your contention in Count IV of the Complaint that Federal violated Section 155 of the Illinois Insurance Code.

**RESPONSE:** Plaintiff objects to Request No. 20 to the extent that it requires disclosure of expert opinions prior to the deadlines provided by this Court. Subject to and without waiving the aforementioned objections, Plaintiff refers to the Policy, the Federal declination letter(s), the allegations in the Motorola Action complaint(s), and the attorneys' fees and costs produced herewith. Plaintiff reserves the right to supplement its response to this request following the completion of discovery.

**REQUEST NO. 21:** Produce all Documents and Communications which substantiate the "defense fees and expenses," "consequential damages," and "attorneys' fees and costs" to which You allege You are entitled in Counts I and II of the Complaint.

**RESPONSE:** Plaintiff objects to Request No. 21 to the extent that it requires disclosure of expert opinions prior to the deadlines provided by this Court. Subject to and not withstanding said objections *see* bates labeled documents LEM000001 to LEM000674; LEM000949 to LEM001044; LEM0001238 to LEM001337; LEM001948; LEM001950 to LEM002018; LEM002023 to LEM002074. Plaintiff reserves the right to supplement its response.

**REQUEST NO. 22:** Produce all Documents and Communications which substantiate the money damages to which You allege in Count IV of the Complaint that You are entitled to recover against Federal under Section 155 of the Illinois Insurance Code.

**RESPONSE:** *See* Plaintiff's Response and Objections to Request No. 21.

**REQUEST NO. 23:** Produce all Documents and Communications relating to any and all directors, officers and/or shareholders of Lemko, including, but not limited to, any organizational charts, articles of incorporation, shareholder meetings, board of directors meetings, and annual reports.

**RESPONSE:** Plaintiff refers to and adopts its objections provided in its response to Request No. 3, *supra*, as if fully stated herein. Subject to and without waiving the aforementioned objections, *see* bates labeled document LEM001949.

**REQUEST NO. 24:** Produce all Documents and Communications relating to the application, negotiation, formulation, execution, delivery, issuance, and/or payment for or of each of the Federal Policies.

**RESPONSE:** Plaintiff refers to and adopts its objections provided in its response to Request No. 3, *supra*, as if fully stated herein. Subject to and without waiving aforementioned objections, *see* bates labeled documents at LEM001338 to LEM001931.

**REQUEST NO. 25:** Produce all Documents and Communications relating to any orders, decisions, pleadings, motions, briefs, and discovery in the criminal proceeding styled *United States of America v. Hanjuan Jin,* Case No. 08 CR 192 (N.D.Ill.), including but not limited to:

(a) All requests for disclosure and/or inspection, and any objections and answers thereto;

(b) The transcripts of all depositions taken in the proceeding;

(c) The transcripts of all court hearings in the proceeding;

(d) All witness statements, including, but not limited to, depositions, affidavits, and declarations by anyone; and

  (e)  All expert witness designations and reports.

**RESPONSE:** Plaintiff refers to and adopts its objections provided in its response to Request No. 3, *supra*, as if fully stated herein.

  **REQUEST NO. 26:** Produce all Documents and Communications between You and any insurance company other than Federal relating to any of the allegations asserted in the Motorola Action, including, but not limited to, any demand by You for a defense or indemnity with respect to the Motorola Action and any responses from any insurance company to said demand.

**RESPONSE:** Plaintiff refers to and adopts its objections provided in its response to Request No. 3, *supra*, as if fully stated herein. Subject to and notwithstanding said objections, *see* attached bates labeled documents at LEM000675 to LEM000948; LEM001932 to LEM001947; LEM002019 to LEM002022.

  **REQUEST NO. 27:** Produce the most recent resume or curriculum vitae of each expert whom You expect to call as an expert witness at trial in this action.

**RESPONSE:** Plaintiff objects to Request No. 27 to the extent that it requires disclosure of expert opinions prior to the deadlines provided by this Court. Plaintiff intends to produce the necessary disclosures in accordance with the Federal Rules of Civil Procedure at the appropriate times as provided by this Court's scheduling order(s).

  **REQUEST NO. 28:** Produce each statement or report concerning or relating to the subject matter of the Complaint by any expert who may be a witness at trial in this action, and all notes, memoranda, writings, photos, and recordings (audio or video) concerning and/or relating to such statements or reports.

**RESPONSE:** Plaintiff objects to Request No. 27 to the extent that it requires disclosure of expert opinions prior to the deadlines provided by this Court. Plaintiff intends to produce the

11

necessary disclosures in accordance with the Federal Rules of Civil Procedure at the appropriate times as provided by this Court's scheduling order(s).

Dated: January 14, 2013

                                      Katherine Smith Dedrick, Esq,
Illinois Bar No. 6185314
kdedrick@childresslawyers.com
Coleman J. Braun
Illinois Bar No. 6295961
cbraun@childresslawyers.com
Childress Duffy, Ltd.
500 North Dearborn Street
Suite 1200
Chicago, Illinois 60654
Tel: (312) 494-0200
Fax: (312) 494-0202
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished on this the 14th day of January, 2013, via U.S. mail and email to Defendants, Cincinnati Insurance Company and Federal Insurance Company, by and through its attorneys:

Hope G. Nightingale, Esq.
Kathleen L Bianco, Esq.
Litchfield Cavo
303 West Madison Street
Suite 300
Chicago, IL 60606
(312) 781-6677
Email: nightingale@litchfieldcavo.com
***Cincinnati Insurance Company***

Devin C. Maddox, Esq.
Thomas Kevin Hanekamp, Esq.
Tressler LLP
22nd Floor
233 S. Wacker Drive
Chicago, IL 60606-6399
Email: dmaddox@tresslerllp.com
***Federal Insurance Company***

By: _____
Katherine Smith Dedrick, Esq,
Illinois Bar No. 6185314
kdedrick@childresslawyers.com
Coleman J. Braun
Illinois Bar No. 6295961
cbraun@childresslawyers.com
Childress Duffy, Ltd.
500 North Dearborn Street
Suite 1200
Chicago, Illinois 60654
Tel: (312) 494-0200
Fax: (312) 494-0202
Attorneys for Plaintiff